IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Graham Allen Enterprises, LLC, and )
Robert G. Allen (a/k/a Graham Allen), )
)
              Plaintiffs, )   C.A. No. 8:17-2427-HMH
)
          vs. )   **OPINION & ORDER**
)
Nine Line Apparel, Inc., 5AB Holdings, )
LLC, Tyler Merritt, and Jason Smartt, )
)
              Defendants. )

This matter comes before the court on the motion of Plaintiff Robert G. Allen, a/k/a Graham Allen ("Allen"), for a temporary restraining order to be issued against the Defendants Nine Line Apparel, Inc., 5AB Holdings, LLC, Tyler Merritt, and Jason Smartt.

A temporary restraining order is a drastic remedy that serves an exceedingly narrow purpose. It exists only to preserve the status quo until a preliminary injunction hearing can be held. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999) (citing Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974)). It may also be issued with or without notice to the party whose conduct is to be enjoined. See Nutrasweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 692-93 (3d Cir. 1997) (discussing that temporary restraining orders can be issued with notice).

The standard for granting a request for a temporary restraining order and entering a preliminary injunction are identical. See, e.g., Sauer-Danfoss (US) Co. v. Nianzhu Luo, No. CA 8:12-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (unpublished) (citing Commonwealth of Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order)). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he

is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  All four requirements must be satisfied. Real Truth About Obama, Inc., v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010).  "When analyzing the irreparable harm element, there are two inquiries: 1) whether the plaintiff is indeed suffering actual and imminent harm; and 2) whether that harm is truly irreparable, or whether it can be remedied at a later time with money damages." First Quality Tissue SE, LLC v. Metso Paper USA, Inc., C/A No. 8:11-2457-TMC, 2011 WL 6122639, at *2 (D.S.C. Dec. 9, 2011) (unpublished) (citing Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991)).

The court is mindful of the procedural status of this case, and that Defendants have not yet had an opportunity to respond to the motion for TRO.  However, upon the strength of the representations made by Allen, the court is satisfied that Allen has established that he is likely to suffer irreparable harm as a result of the Defendants' actions.  Allen contends that he is a brand ambassador for Nine Line Apparel, Inc. and the Defendants have removed Allen as the administrator of his own Facebook account without his permission.  Further, Allen alleges that he has no ability to control the content on his Facebook page at this time.  (Allen Decl. ¶¶ 10-11, ECF No. 5-1.)  Allen further contends that he is a public figure who maintains a popular Facebook page, where he posts "daily rant" videos.  Allen has alleged that his personal Facebook page is his intellectual property and that the Defendants' actions threaten his reputation and business interests.  (Id. ¶ 20, ECF No. 5-1.)

Courts consistently have recognized that the loss of permanent relationships with customers and the misappropriation of proprietary information constitutes irreparable harm. See, e.g., Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 552 (4th Cir. 1994), abrogated on other grounds by Winter, 55 U.S. 7; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1055 (4th Cir. 1985); Standard Register Co. v. Kerrigan, 119 S.E.2d 533, 538-39 (S.C. 1961); Peek v. Spartanburg Reg'l Healthcare Sys., 626 S.E.2d 34, 37 & n.2 (S.C. Ct. App. 2005). Further, Allen has established a likelihood of success on the merits of his claims. In addition, the balance of the equities tip in Allen's favor and a temporary injunction is in the interest of the public to protect an individual's rights to his own intellectual property.

Consistent with Rule 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Upon due consideration, the court has determined that the amount of one thousand dollars ($1,000.00) shall be sufficient security, and that this amount shall be posted by Allen forthwith.

It is therefore

**ORDERED** that until further order of the court, Defendants are directed to return full administrative rights and control of Allen's Facebook page to Allen; the Defendants are enjoined from further administrative access to the Allen Facebook page; the Defendants are to immediately withdraw their administrative access after restoring Allen's access; and the Defendants are prohibited from modifying, deleting, or altering any content on the Allen Facebook page. It is further

**ORDERED** that the restrictions imposed herein shall remain in full force and effect until a hearing is held. The court will hold a hearing on this matter on Wednesday, September 20, 2017, at 1:30 p.m. It is further

**ORDERED** that Allen shall give security by executing a bond in the amount of one thousand dollars ($1,000.00) or by depositing cash in said amount with the Clerk of Court for the United States District Court for the District of South Carolina as required by Rule 65(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
September 12, 2017
Entered at 4:08 p.m.